FIRST NATIONAL BANK OF OMAHA v. JACOB W. DYE.

FILED FEBRUARY 22, 1905. No. 13,719.

1. Trial: CONTINUANCE. It is not error to deny a motion for a continuance because of the absence of an attorney, if the party making the motion is represented at the trial by other competent counsel familiar with his case.

2. Harmless Error. When the verdict is the only one that the evidence would uphold, the court will not inquire with respect to alleged errors occurring at the trial.

ERROR to the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*John W. Parish* and *Walcott & Morrissey,* for plaintiff in error.

*C. Patterson* and *R. C. Noleman, contra.*

AMES, C.

In September, 1902, the plaintiff bank, being the owner of a herd of a hundred head, more or less, of cattle, delivered them into the possession of one W. E. Colvin, pursuant to a written contract with him that he should feed, keep and care for them and use his best efforts to sell them on or before November 1, 1902, at a price that would net the plaintiff $30 a head for all of them. It was stipulated he should bear all the expense of the undertaking, and should have for his services and reimbursement all he should be able to obtain for the cattle in excess of the above mentioned sum of $30, reserved for the bank. It was further agreed that if on the first of November, 1902, any of the cattle remained unsold, Colvin should become the purchaser of them at the price of $30 a head, and should pay to the bank the residue of that price, for the whole herd, that should then remain unpaid, or secure the payment of that sum by his note and a mortgage upon the property purchased, but that if by the date last mentioned the entire amount had been paid to the plaintiff, the cattle should be and become the property of Colvin without further payment. The contract contained also the following agreement:

"It is hereby further mutually agreed and understood that all proceeds from sales of any of said cattle or calves are to be at once turned over to said bank and credited upon this contract. If said bank receives an offer for said cattle, it shall at once submit same to said Colvin for his approval or rejection, and, in like manner, said Colvin shall at once submit to said bank any offers which he may receive for said cattle, to the end that the best possible price may be obtained therefor."

In our opinion this paragraph cannot fairly be construed as a restraint or limitation upon the otherwise unrestricted and unlimited power of Colvin to sell the animals at his discretion. It does not purport to have that object in view, but to have been intended to serve as a pledge of co-operation between the parties for purposes of the mutual exchange of information, "to the end that the best possible price may be obtained" for the cattle. No other end or purpose is expressed or implied by the language used, nor is there any reason to suppose that any other was intended. For a breach of the covenant perhaps either party would have been liable to the other in damages, but it did not purport to limit or restrict the powers or authority of the agent, and did not have that effect.

In October, Colvin made two shipments of cattle from the herd to a commission house in South Omaha, where they were sold and the proceeds turned over to the bank, and in the same month he sold and delivered the residue of them to the defendant Dye, receiving payment in cash and shortly afterwards absconding therewith. In December following, this action in replevin was begun by th· bank against Dye to recover the possession of the animals purchased by and still in the possession of the latter. Th answer is a general denial. There is no claim that the price paid was inadequate, or that the defendant had committed any act of bad faith, or that he knew or suspected that Colvin contemplated committing any. A bill of sale described the cattle as belonging to Colvin and as being sold by him, and the only conflict in the evidence is as to whether Dye supposed such to be the fact, or on the other hand knew, or had sufficient notice to charge him with knowledge, that they belonged to the bank and that Colvin was dealing with them as agent. We do not see that the question is material. Colvin did not exceed his powers. There was an actual sale and delivery of the animals, and a payment of the purchase price, and the formal incidents of the transaction, and the knowledge by

the vendee in the respects mentioned, are of no importance or legal effect. There was a trial, and the court, in substance, instructed a verdict for the defendant, upon which there was a judgment, sought to be reversed by this proceeding. It is not worth while to consider assignments for errors occurring at the trial. The verdict is the only one that the evidence would have upheld.

The plaintiff was represented on the trial by competent and experienced attorneys, Messrs. Walcott & Morrisey of Valentine, who had begun the action and had charge of framing the issues, but who were associated with Mr. John W. Parish of Omaha, as senior counsel. Parish was prevented from attendance by reason of a change of time in a train schedule of which he was ignorant at that time, and notified both of his associates and the presiding judge of the fact, and asked to have the trial postponed one day so as to enable him to be present. Such a postponement would have delayed the case beyond the term, and the local attorneys therefore prepared and filed a motion for a continuance, supported by the affidavit of one of them reciting the fact of unavoidable delay. The motion was overruled. The motion for a new trial was supported by an affidavit of Parish relating the circumstances of his delay and subsequent absence from the trial, and stating that if he had been present he would have offered his own testimony and certain documentary evidence in behalf of the plaintiff. If the evidence and testimony thus recited would have been competent or admissible if offered on the trial, which in our opinion they would not have been, they were not brought to the attention of the court by the motion for a continuance nor until after the return of the verdict, and therefore did not render the ruling on that motion erroneous. Neither can they be treated as newly discovered evidence, and there is no assignment either in the motion for a new trial or in the petition in error of unavoidable casualty or misfortune by means of which the plaintiff was deprived of a fair trial or of an opportunity to make out his case. We are unable to discover

any error in the record, and recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.